IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Franklin J. Boyles, <br><br>                  Plaintiff, <br><br>vs. <br><br>Michael D. Amiridis, as the then President of the University of South Carolina, in his Individual capacity <br><br>                  Defendant, | 3:25-cv-06518-MGL <br><br> COMPLAINT <br>(42 U.S.C. § 1983 et seq.) <br><br><br> JURY TRIAL DEMANDED |

Plaintiff Franklin J. Boyles, by and through his undersigned counsel, brings this action against Defendant Michael D. Amiridis, the President of University of South Carolina (hereinafter "Defendant"), in his individual capacity, and alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under 42 U.S.C. §1983 and the Fourteenth Amendment to the United States Constitution.

2. This Court has pursuant to 28 U.S.C. §§1331 and 1343(a)(3).

3. The venue is proper in this District under 28 U.S.C. §1391(b) because the events giving rise to these claims occurred in Richland County and the Defendant resides or conducts official business within this district. The venue is also appropriate in this district because of the exclusive jurisdiction concerning violations of the Constitution and laws of the United States, including 42 U.S.C Sec. 1983.

**PARTIES**

4. Plaintiff Franklin J. Boyles (hereinafter "Plaintiff") is an individual residing at 1025 Eastman Street, Apartment A, Columbia, South Carolina 29203 and was employed by Island Masonry Construction at all relevant times.

5. Defendant Michael D. Amiridis ("Mr. Amiridis") was, at all relevant times, the President of the University of South Carolina ("USC"), a public university established by the State of South Carolina. Defendant acted under color of state law and is sued in his individual capacity only.

**GENERAL ALLEGATIONS**

6. Plaintiff reaffirms and reiterates all the allegations above as if fully repeated and are incorporated herein verbatim.

7. Plaintiff was an employee of Island Masonry Construction located at 301 McCullough Drive, Suite 400, Charlotte, North Carolina 28262, which upon information and belief, is the subcontractor of C&C Masonry Inc, licensed to do business in South Carolina.

8. Juneau Construction Company, LLC and C&C were part of a massive four-building student housing complex construction project ("USC Campus Project") for USC at the premises of USC at 1315 Whaley Street, Richland County, Columbia, South Carolina ("UofSC - Campus Village").

9. USC owns the UofSC – Campus Village and the construction site was under the ownership and control of USC.

10. On or about September 13, 2022, Plaintiff worked as a forklift operator at the UofSC - Campus Village and was lawfully present there through his employment with Island Masonry Construction.

11. The construction site at the UofSC - Campus Village required precise operation of heavy machinery to ensure the correct movement and placement of materials.

12. On September 13, 2022, Plaintiff operated a forklift on the north side of Building 4 on the construction site at the UofSC - Campus Village for the USC Campus Project.

13. The construction site was under the direct oversight and ultimate administrative authority of Defendant, who had policy-level decision-making authority regarding safety protocols, contractor oversight, and risk mitigation affecting individuals lawfully on the campus property.

14. While the Plaintiff was operating the forklift, it was positioned on a temporary base – a pile of sand and the front right outrigger of the forklift began to sink into the unstable soft sand, causing a shift in balance and a sudden loss of stability, resulting in the forklift tipping to the right and overturning.

15. Specifically, the forklift operated by the Plaintiff tripped over and overturned due to unstable and inadequately prepared ground/sand conditions, while Plaintiff lowered a mason box to the ground from a mast climber scaffold positioned just beneath the roof awning of the building.

16. The force and sudden movement caused by the overturning forklift were so severe that Plaintiff was thrown from his seated position, resulting in a forceful fall on the ground despite Plaintiff having used safety measures, including seatbelt and stabilizer pads.

17. Plaintiff was lawfully present in the site and working as a subcontractor employee when his forklift tipped and overturned due to the unstable sand base.

18. Defendant, through his agents and employees working under his leadership, knew or should have known about the unstable sand base and that it was unfit and dangerous for such forklift operations.

19. Despite this knowledge, Defendant Mr. Amiridis failed to ensure the implementation of safety measures or to correct known site hazards that posed a substantial risk to life and safety.

20. The accident caused Plaintiff to be ejected from the forklift, and the impact and the force of the fall were significant, resulting in substantial and serious injuries to the Plaintiff.

21. As a direct result, Plaintiff suffered serious physical injuries and emotional trauma, including anxiety, depression, and long-term pain, requiring on going medical care.

22. Plaintiff experienced intense pain, particularly in his right shoulder immediately following the accident. He was subsequently transported by C&C staff to a medical facility, where he underwent drug screening and initial medical observation.

23. Following the accident, C&C held a stand-down meeting to address forklift safety and implemented corrective actions, including weekly visits by C&C safety officer to monitor forklift operations and handling of loads.

24. Upon information and belief, the construction site at the USC Campus lacked adequate safety measures to prevent the forklift from tipping over. There were no proper protocols or mechanisms to secure the forklift's stability in the UofSC - Campus Village, which could have prevented the accident.

25. Defendant, individually and as the president of USC, had a legal and ethical duty to ensure a safe environment for all individuals on its premises, particularly within the construction zone at UofSC - Campus Village where risks are inherently greater.

26. Upon information and belief, Defendant's duty includes taking reasonable steps to oversee and ensure that contractors and subcontractors, such as C&C and Juneau, comply with safety standards, provide adequate training, and equip their employees with the necessary resources.

27. After the accident, Plaintiff's medical examinations revealed a contusion to his right shoulder and right neck. The imaging showed a questionable fracture in his right shoulder. Subsequently, the Plaintiff was prescribed medication to manage his pain and discomfort and was placed in a splint to immobilize the affected area.

28. Apart from the injuries in diagnostic imaging, Plaintiff experienced persistent headaches, and his pain extended to his neck, right shoulder, right arm, and chest.

29. The physical trauma related to the accident was accompanied by significant psychological distress, contributing to the overall impact on Plaintiff's well-being.

30. Prior to the accident, USC officials, including supervisory personnel under the authority of Defendant Mr. Amiridis had knowledge of the unstable soil and refused or failed to take action to remedy or warn of the hazard.

31. Plaintiff's work on the site was known and foreseeable, and Defendant owed him a duty of care to ensure rreasonably safe conditions.

32. Defendant's conduct amounted to deliberate indifference to Plaintiff's bodily integrity and right to be free from state-created dangers under the Due Process Clause of the Fourteenth Amendment.

33. Aggrieved by the pain and damage suffered by Plaintiff related to his workplace injuries caused due to the omissions or actions of the Defendant, Plaintiff brings this action against Defendant for damages under the following cause of action.

**FIRST CAUSE OF ACTION**
**(VIOLATION OF 42 U.S.C. §1983 – SUBSTANTIVE DUE PROCESS - STATE-CREATED DANGER)**

34. Plaintiff reaffirms and reiterates all allegations above as if fully repeated and are incorporated herein verbatim.

35. Upon information and belief, Defendant, while acting under color of law and in his individual capacity, had supervisory authority over campus construction activities, including safety oversight.

36. Defendant exercised authority over the construction site and either affirmatively created the hazard of unstable sand base and/or affirmatively permitted the contractors to

engage workers to work in that unstable soil which, was unfit and dangerous for such forklift operations.

37. Defendant did this in deliberate indifference to known risks to workers, despite having a constitutional duty not to subject individuals to such dangers.

38. Defendant's failure to prevent known hazardous conditions and to warn Plaintiff of such risks amounted to deliberate indifference to Plaintiff's constitutional right to bodily integrity.

39. Under the state-created danger doctrine, Defendant, acting under color of state law, created or substantially increased the risk of harm to Plaintiff, placing him in a more dangerous situation than he would have faced had the state not acted. See *Doe v. Rosa*, 795 F.3d 429 (4th Cir. 2015).

40. Defendant is liable under the state-created danger doctrine by affirmatively creating or increasing the risk of harm by permitting its contractors to engage workers like the Plaintiff to operate forklift in unstable sand base about which the Defendant knew but never rectified.

41. Defendant's conduct shocks the conscience and constitutes a violation of Plaintiff's substantive due process rights under the Fourteenth Amendment.

42. Plaintiff suffered physical injury, emotional distress, and financial damages as a direct and proximate result.

43. As a direct and proximate result, Plaintiff suffered serious physical injuries and mental distress.

44. Plaintiff is entitled to compensatory and punitive damages, and attorneys' fees pursuant to 42 U.S.C. § 1988.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Franklin J. Boyles respectfully requests that this Court:

i. Enter judgment against Defendant, Michael D. Amiridis, in his individual capacity;

ii. Award compensatory damages in an amount to be determined at trial;

iii. Award punitive damages in an appropriate amount;

iv. Award costs of this action, including reasonable attorney's fees under 42 U.S.C. § 1988; and

v. Grant such other relief as this Court deems just and proper.

**REQUEST FOR TRIAL BY JURY**

The Plaintiff, Franklin J. Boyles, hereby demands a trial by jury on his claims.

Respectfully submitted,

Date: July 23, 2025

By: s/ Lola Stradford Richey
Lola Stradford Richey
South Carolina Bar Number: 6911
RICHEY and RICHEY, PA
Attorney for the Plaintiff
Post Office Box 10916
Greenville, South Carolina 29603
(864) 467-0503 (Office)
(864) 467-0646 (Facsimile)
lawfirm@richeyandrichey.com

Richland County, South Carolina