

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | | |
|---|---|---|
| FRANKLIN J. BOYLES,<br>            Plaintiff, | §<br>§<br>§ | |
| vs. | §<br>§ | CIVIL ACTION NO. 3:25-6518-MGL |
| MICHAEL D. AMIRIDIS, *as the then*<br>*President of the University of South Carolina,*<br>*in his individual capacity*,<br>            Defendant. | §<br>§<br>§<br>§<br>§ | |

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

**I.      INTRODUCTION**

Plaintiff Franklin Boyles brings this action against Defendant Michael Amiridis under 42 U.S.C. § 1983.  In Boyles's complaint, he alleges Amiridis, then the President of the University of South Carolina (USC), violated his rights under the Due Process Clause of the Fourteenth Amendment.

Pending before the Court is Amiridis's motion to dismiss under Fed. R. Civ. P. 12(b)(6). Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court the motion to dismiss will be granted.

**II.      FACTUAL AND PROCEDURAL HISTORY**

Boyles's complaint alleges he worked for a subcontractor performing construction on a student housing complex on USC's campus.  While operating a forklift, the "pile of sand" the

forklift sat on was "unstable," causing the forklift to begin to sink and then turn over.  Complaint ¶ 14.  Boyles was "thrown from his seated position, resulting in a forceful fall on the ground . . . ." *Id.* ¶ 16.  He suffered "substantial and serious injuries."  *Id.* ¶ 20.

Boyles states the worksite "lacked adequate safety measures to prevent the forklift from tipping over."  *Id.* ¶ 24.  Before Boyles's fall, "USC officials, including supervisory personnel under the authority of . . . Amiridis had knowledge of the unstable soil and refused or failed to take action to remedy or warn of the hazard."  *Id.* ¶ 30.

Amiridis "exercised authority over the construction site and either affirmatively created the hazard . . . and/or affirmatively permitted the contractors to engage workers to work in that unstable soil."  *Id.* ¶ 36.  Amiridis's "failure to prevent known hazardous conditions and to warn" Boyle  caused the injury.  ¶ 38.

Boyles claims Amiridis's conduct "amounts to deliberate indifference to Plaintiff's bodily integrity and right to be free from state-created dangers under the Due Process Clause."  *Id.* ¶ 32.  In the complaint, Boyles asserts Amiridis "is liable under the state-created danger doctrine by affirmatively creating or increasing the risk of harm by permitting its contractors to engage workers like the Plaintiff to operate [a] forklift [on an] unstable sand base about which the Defendant knew but never rectified."  *Id.* ¶ 40.

Boyles initiated this action against Amiridis in this Court, and Amiridis filed the instant motion to dismiss.  Boyles filed his response in opposition to the motion, and Amiridis replied. The Court, having been briefed on the relevant issues, will now adjudicate the motion.

## III.    STANDARD OF REVIEW

A party may move to dismiss a complaint based on its "failure to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  "The purpose of a Rule 12(b)(6) motion is to test

2

the sufficiency of a complaint[.]" *Edwards v. City of Goldsboro*, 173 F.3d 231, 243 (4th Cir. 1999).  To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must have "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation[,]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In considering a motion to dismiss for failure to state a claim, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Lab'ys v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

## IV.    DISCUSSION AND ANALYSIS

### A.    *Whether the Complaint adequately alleges Amiridis's personal involvement*

Amiridis argues Boyles fails to state a claim under § 1983 because the Complaint is "devoid of any factual allegations that show any causal link exists between" Amiridis's actions or inactions and Boyles's injury.  Memorandum in Support at 8.  Boyles argues Amiridis "knew USC's site used an unstable sand base" and "nonetheless allowed operations to continue."  Plaintiff's Response at 5.

"Section 1983 imposes liability on state actors who cause the 'deprivation of any rights, privileges, or immunities secured by the Constitution.'" *Doe v. Rosa*, 795 F.3d 429, 436 (4th Cir. 2015) (quoting 42 U.S.C. 1983).  This includes "a Fourteenth Amendment substantive due process right against state actor conduct that deprives an individual of bodily integrity." *Id.* at 436-37.

A state actor is liable for deprivation of constitutional rights under § 1983 "only . . . where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights." *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

3

The Complaint fails to allege any conduct resembling personal actions by Amiridis. It claims merely he "failed to ensure the implementation of safety measures or to correct known hazards," and "through his agents and employees working under his leadership, knew or should have known about the unstable sand base . . . ." Complaint ¶¶ 18-19. Boyles alleges the construction site was "under the direct oversight and ultimate administrative authority" of Amiridis, who "had policy-level decision-making authority regarding safety protocols, contractor oversight, and risk mitigation . . . ." *Id.* ¶ 13.

Policy decision-making and administrative authority are beyond the scope of personal actions necessary to state a valid claim. Rather, they are at most merely negligent omissions and therefore an insufficient basis for a due process claim. *Spell v. McDaniel*, 824 F.2d 1380, 1390 (4th Cir. 1987) (holding "mere negligence on the part of policymakers is not sufficient" to state a claim under § 1983).

Boyles insists Amiridis's "deliberate failure to enforce or implement safety protocols . . . directly links Defendant's conduct to the violation of Plaintiff's constitutional right to bodily integrity." Plaintiff's Response at 6. He is incorrect. A failure to implement policy is, at most, an indirect link between the two and the claim therefore fails. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) ("Having failed to allege any personal connection between Gibbs and any denial of Vinnedge's constitutional rights, the action against him must fail.").

### B.    *Whether the state-created danger doctrine applies*

The state-created danger doctrine allows a § 1983 plaintiff to recover for damages caused by a third-party if the state actor "creates the dangerous situation that resulted in a victim's injury." *Rosa*, 795 F.3d at 438 (quoting *Pinder v. Johnson*, 54 F.3d 1169, 1177 (4th Cir. 1995)). For the doctrine to apply, the actor must take "affirmative actions" to be held liable. *Id.* (quoting *Pinder*, 54 F.3d at 117). The Fourth Circuit has been clear: "The 'concept of "affirmative acts"' should

not extend 'beyond the context of immediate interactions between the [state actor] and the plaintiff.'" *Rosa*, 795 F.3d at 441 (quoting *Pinder*, 54 F.3d at 1176 n.*).

Boyles contends Amiridis is liable under this theory.  Amiridis argues, on the other hand, "[n]one of [Boyles's] allegations can be understood, interpreted, or otherwise characterized as describing any immediate interactions between . . . Amiridis and the Plaintiff that would qualify as 'affirmative acts' in the state-created danger context."  Memorandum in Support at 10.

As explained above, Boyles's allegations against Amiridis constitute, at most, negligent omissions rather than affirmative conduct directed at Boyles.  As such, it is insufficient, for a due process claim, to allege Amiridis "had policy-level authority over construction activities," he "knew or should have known about the unstable ground conditions that created a dangerous environment," or he "failed to implement safety measures or correct known hazards."  Plaintiff's Response at 7.  Although Boyles contends his allegations "surpass mere claims of supervisory negligence," *id.* at 8, the Court disagrees.

The essence of the complaint challenges Amiridis's failure to prevent Boyles's injury by requiring different safety protocols.  Boyles fails to allege any "immediate interactions" with Amiridis, and thus the Court is unable to conclude his allegations are  "affirmative acts" actionable under § 1983.  *Pinder*, 54 F.3d at 1176 n.* ("While it is true that inaction can often be artfully recharacterized as 'action,' courts should resist the temptation to inject this alternate framework into omission cases by stretching the concept of 'affirmative acts' beyond the context of immediate interactions between the officer and the plaintiff.").  He therefore failed to bring his claim within the scope of the state-created danger doctrine.

### C.       *Whether Amiridis is subject to supervisor liability*

Finally, Boyles argues that even in the absence of a direct connection between himself and Amiridis, Amiridis is still liable as a supervisor who caused the deprivation of his rights.  Plaintiff's

Response at 8.  Amiridis argues this claim also fails because the Complaint "offers no factual allegations to show any causal link between any alleged action or inaction by . . . Amiridis and the Plaintiff's purported injury" and because "a § 1983 claim for supervisory authority cannot rest on the doctrine of *respondeat superior*."  Reply at 5.

Boyles correctly argues "supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates."  *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994).  This is due to "a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict."  *Campbell v. Florian*, 972 F.3d 385, 398 (4th Cir. 2020), *as amended* (Aug. 28, 2020) (quoting *Shaw*, 13 F.3d at 798).

In a § 1983 case, supervisory officials may be liable when they have "actual or constructive knowledge that [a] subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff . . . .'"  *Johnson v. Robinette*, 105 F.4th 99, 123 (4th Cir. 2024) (quoting *Shaw*, 13 F.3d at 799).  Boyles's Complaint, however, is silent as to the "conduct" Amiridis's subordinates engaged in which violated his rights.  As noted, the Complaint fails to contain any allegation Amiridis—or even one of his subordinates or a contractor—affirmatively created the danger which caused his injury.  Rather, the Complaint is premised on Amiridis's and his subordinate's numerous alleged failures to ensure safe conditions on the worksite.

Boyles's claim Amiridis' subordinates "had knowledge of the unstable soil and refused or failed to take action to remedy or warn of the hazard," Complaint ¶ 30, alleges nothing more than a negligent omission.  Omissions are insufficient here, and attempts to "artfully recharacterize[]" inaction as action fail.  *Rosa*, 795 F.3d at 441 (quoting *Pinder*, 54 F.3d at 1176 n.*).

6

Although Boyles argues there is a "chain of responsibility leading directly to Defendant's office," Plaintiff's Response at 9, again the Court disagrees.  As addressed, in this context, broad supervisory authority and alleged duties to maintain safe conditions fail to constitute constitutional violations or to create personal liability.  It is insufficient to claim merely Amiridis's "deliberate inaction or failure to intervene or enforce safety protocols was the proximate cause of the resulting harm."  Plaintiff's Response at 9.  Any "chain" here is too attenuated and weak to plausibly allege sufficient personal conduct as to state a claim under § 1983.

Simply put, a failure to act is different from taking an action, and under § 1983 that difference matters.

## V.      CONCLUSION

For the reasons stated above, it is the judgment of the Court Amiridis's motion to dismiss is **GRANTED** and Boyles's claims are **DISMISSED WITHOUT PREJUDICE**.

The Court grants Boyles an opportunity to cure the deficiencies of his complaint.  He may file an amended complaint rectifying the aforementioned pleading deficiencies **within fourteen calendar days of this Order**.  The Clerk of Court is directed to withhold entry of judgment unless and until Boyles fails to move to amend his complaint within the time allotted.

**IT IS SO ORDERED**.

Signed this 19th day of May 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

7